IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02498-BNB

GIOVANNI LARATTA,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
ROBERT ALLEN,
CHRIS BARR, and
SUSAN JONES,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 0 2009

GREGORY C. LANGHAM
                CLERK

---

ORDER TO DISMISS IN PART AND TO ASSIGN IN PART

---

Plaintiff, Giovanni Laratta, is in the custody of the Colorado Department of Corrections and is currently incarcerated at the Colorado State Penitentiary (CSP). Mr. Laratta initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on October 23, 2009. As relief, he asks for money damages and injunctive relief. He has paid the $350.00 filing fee.

The Court must construe the Complaint liberally because Mr. Laratta is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

1

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Mr. Laratta is a prisoner and some of the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint in part as legally frivolous pursuant to § 1915A(b)(1).

Mr. Laratta asserts four claims in the Complaint. His first claim alleges that Defendant Chris Barr destroyed photographs and a calendar that were mailed to Mr. Laratta. Complaint at 6-8. Mr. Laratta alleges that Defendant Barr's actions violated his rights pursuant to the First, Fifth and Fourteenth Amendments. *Id.* Mr. Laratta's second claim asserts that Defendant Robert Allen, the Associate Warden, failed to investigate and to intervene when his subordinates withheld the photographs and calendar, in violation of Mr. Laratta's First, Fifth, and Fourteenth Amendment rights. *Id.* at 9-10. Mr. Laratta's third claim asserts that Defendant Aristedes W. Zavaras failed to intervene and to supervise his subordinates, in violation of Mr. Laratta's First, Fifth and Fourteenth Amendment rights. *Id.* at 11-14. Mr. Laratta's fourth claim asserts that Defendant Susan Jones has developed the policies for the CSP mail room that were

used to confiscate a paralegal correspondence course, as well as the photographs and calendar mentioned above. *Id.* at 15-17.

The Court finds that Mr. Laratta's due process claims based on the confiscation and loss of his personal property lack merit. The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. **See Templeman v. Gunter**, 16 F.3d 367, 369 (10th Cir. 1994). However, an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available. **See Hudson v. Palmer**, 468 U.S. 517, 533 (1984). A prison grievance procedure is an adequate postdeprivation remedy if the grievance procedure provides a meaningful remedy. **See id.** at 536 n.15; **Williams v. Morris**, 697 F.2d 1349, 1351 (10th Cir. 1982). Mr. Laratta alleges that he used the prison grievance system to address the loss of his personal property, and that he was reimbursed $8.00 for the loss of his photographs. Complaint at 12. The fact that Mr. Laratta is not satisfied with the remedy he was provided, by itself, does not mean that the grievance procedure was not an adequate remedy. The Court further notes that Mr. Laratta also has an adequate remedy available to him in state court under state law. Therefore, his due process claims are legally frivolous and will be dismissed.

The Court will not address at this time the merits of Mr. Laratta's First Amendment claims against Defendants Zavaras, Allen, Barr and Jones. Instead, this action will be be assigned to District Judge Robert E. Blackburn, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Michael E. Hegarty. Accordingly, it is

ORDERED that the Fifth and Fourteenth Amendment claims based on Plainitff's loss of personal property are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that this case shall be assigned to District Judge Robert E. Blackburn, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Michael E. Hegarty.

DATED at Denver, Colorado, this 20 day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-02498-BNB

Giovanni Laratta
Prisoner No. 136216
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/20/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk