IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02498-REB-MEH

GIOVANNI LARATTA,

      Plaintiff,

v.

ARISTEDES W. ZAVARAS,
ROBERT ALLEN,
CHRIS BARR, and
SUSAN JONES,

      Defendant.

---

**RECOMMENDATION ON MOTION FOR PRELIMINARY INJUNCTION**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is the Plaintiff's Memorandum of Law in Support of Order to Show Cause for Preliminary Injunction [filed January 19, 2010; docket #12]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. L.Civ.R 72.1C, the motion has been referred to this Court for recommendation, and the matter is now fully briefed. The Court recommends that, for the reasons stated herein, Plaintiff's motion be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or

**BACKGROUND**

Plaintiff, Giovanni Laratta, is a prisoner in Colorado who filed a *pro se* civil rights Complaint on October 23, 2009, alleging First, Fifth and Fourteenth Amendment violations against Defendants for confiscating and/or destroying his incoming mail, including family photographs, a calendar and materials for a paralegal correspondence course. Upon initial review, Judge Weinshienk found that Plaintiff failed to state due process claims for deprivation of his personal property. Accordingly, Judge Weinshienk dismissed the Fifth and Fourteenth Amendment due process claims against all Defendants. Thus, the only remaining claims in this action are Plaintiff's First Amendment claims against the named Defendants.

Several months after filing his Complaint, the Plaintiff filed the within motion for preliminary injunction seeking an order "invalidating restrictions on [receipt of] photograph and calendar publications from vendors." Docket #12 at 4. Plaintiff asserts that the Defendants' confiscation and/or destruction of photographs and calendars received through the mail from both family and commercial vendors, and the denial of materials for a paralegal correspondence course, are not reasonably related to a legitimate penological interest, in that such publications do not threaten the safety and security of any CDOC facility. He contends that Defendants are applying CDOC Administrative Regulation 850-6 to restrict expression in violation of the First Amendment. Defendants respond that Plaintiff's request constitutes a specifically disfavored injunction for which he has not shown he will suffer an irreparable injury nor that he will likely succeed on the merits.

---

adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**ANALYSIS**

A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* The burden is on the movant to establish his right to the relief requested. *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

Additionally, I must consider well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g., Meachum v. Fano,* 427 U.S. 215 (1976). Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman,* 34 F.3d 266, 269-70 & n. 2 (4th Cir. 1994). Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.'" *Battle v. Anderson,* 564 F.2d 388, 392 (10th Cir. 1977) (citation omitted). As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts.... [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the merits have been made." *Taylor,* 34 F.3d at 269 (citations omitted).

3

Moreover, "[b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," the Tenth Circuit has "identified the following three types of specifically disfavored preliminary injunctions ...: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier,* 427 F.3d at 1258-59 (citations omitted).[2] These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259 ; *see also Citizens Concerned for Separation of Church & State v. Denver,* 628 F.2d 1289, 1299 (10th Cir. 1980), *cert. denied*, 452 U.S. 963 (1981) (mandatory injunctive relief should be granted only under compelling circumstances inasmuch as it is a harsh remedial process not favored by the courts).

Here, Plaintiff seeks a preliminary injunction that would require Defendants to act in a way that (Plaintiff alleges) is contrary to prior practices, *i.e.*, to change the application of an administrative regulation with respect to his incoming mail. The requested relief would alter the status quo rather than preserve it and also would require Defendants to engage in affirmative (mandatory) actions. For these reasons, the Court finds that Plaintiff's requested injunctive relief "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *See*

---

[2]Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1099 (10th Cir. 1991), *overruled on other grounds by O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) . Injunctions that disturb the status quo alter the parties' existing relationship. *Id.* at 1100. "The status quo is not defined by the parties' existing *legal rights*; it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights." *Id.* (emphasis in original).

*Schrier,* 427 F.3d at 1259, 1261.

      A.      <u>Irreparable Injury</u>

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted).

Here, the Plaintiff must first show that he will suffer irreparable injury if his request for injunctive relief is denied. *Id.* at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wisconsin Gas Co. v. FERC,* 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (emphasis in original) (citation omitted). Injunctive relief is only appropriate to avoid an existing threat of injury and cannot be employed to protect against an injury that is merely feared to be suffered at some indefinite future date. *See Connecticut v. Massachusetts,* 282 U.S. 660, 674 (1931). Thus, to demonstrate irreparable harm, the Plaintiff "must establish both that harm will occur and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. Dec. 17, 2007) (unpublished).

In his motion and accompanying reply brief, the Plaintiff alleges that the challenged CDOC administrative regulations are "being applied to offenders in an unconstitutional manner for the sole

purpose of monopoly." Docket #12 at 2. He contends that Defendants' application of the regulations to permit only the purchase of calendars and photographs at the canteen "are to suppress expression, speech and also correspondence for the purpose of leaving offenders to utilize their funds on fewer if not nothing but canteen services." *Id.* at 2-3. According to the Plaintiff, "photo and calendar publications have been widely accepted by this facility mailroom up untill [sic] this Defendant Susan Jones' unconstitutional ban on said photos and calendars." Docket #34 at 3. He concludes that "he as well as the class of offenders confined to Centennial Correctional Facility and Colorado State Penitentiary will continue to suffer irreparable injury to their First Amendment rights and this honorable court should grant preliminary injunction relief." *Id.* at 4; *see also* Docket #12-1 at 5.

First, the Plaintiff may not seek relief for the alleged injuries of other inmates. *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993). Second, the Plaintiff fails to allege that he will suffer an irreparable injury of such imminence and seriousness to justify the imposition of a preliminary injunction. Although he states in his reply brief that "after the filing of his complaint, he has suffered violations to his First Amendment rights under the Defendant Susan Jones' recent ban on photograph and calendar publications" (docket #34 at 4), the Plaintiff fails to identify any such violations and has not moved to supplement his Complaint with allegations of such claims.

Therefore, the Court finds that Plaintiff's claimed injuries are not of the serious or substantial nature, nor "of such imminence that there is a clear and present need for equitable relief," as required to impose injunctive relief at this stage of the litigation. Nevertheless, I am aware that a presumption of irreparable injury exists where constitutional rights are infringed. *Kikumura v. Hurley,* 242 F.3d 950, 963 (10th Cir. 2001) (holding that a presumption of irreparable injury exists where plaintiff

claimed that monetary relief would not properly redress the violation of his right to free exercise of religion caused by previous denials of pastoral visits). Here, to be entitled to a presumption of irreparable injury, the Plaintiff must establish a likelihood of success on the merits of his constitutional claims.

      B.      <u>Likelihood of Success on the Merits</u>

In this case, Defendant Barr filed an answer to Plaintiff's Complaint and the remaining Defendants have filed a motion to dismiss the Plaintiff's claims against them based primarily upon Eleventh Amendment immunity and lack of personal participation. The motion to dismiss appears to require little analysis of the merits of Plaintiff's claims, and discovery is currently proceeding in the case.

For purposes of his motion, the Plaintiff must set forth sufficient proof, at this stage of the litigation, that he has a substantial likelihood of success on the merits of his claims. *Schrier*, 427 F.3d at 1258. Here, the Plaintiff contends that, because he has outlined the requisite personal participation of all named Defendants, he has shown that he is substantially likely to succeed in this matter. Docket #34 at 2-3. The Court disagrees. While a showing of personal participation is necessary to establish that an individual defendant may be liable for unlawful conduct, it does nothing to show that the conduct itself is unlawful. Moreover, at this stage of the proceedings, Plaintiff's allegations of First Amendment violations are nothing more than allegations. Therefore, upon close scrutiny of the requested disfavored injunction, the Court finds that Plaintiff has failed to demonstrate a clear and unequivocal showing that he is likely to succeed on the merits of his First Amendment claims. Consequently, considerations of the first and second factors in analyzing the motion for preliminary injunction weigh against granting the motion.

C. Balance of Hardships

Plaintiff alleges that he requires a preliminary injunction to prevent harm from being denied his photographs and calendar, and states that Defendants would suffer "no impact on prison mail rooms in regard to accomadation [sic] but it would create a situation of convieneance [sic] for both prison staff and offenders in regard to the filing of extra paper works and costs for return postage." Docket #12 at 1. Defendants argue that the policies governing offenders' access to publications are consistent with the security needs and good order of CDOC facilities and that the Court's interference in these matters would "significantly undermine the CDOC's discretion and autonomy." Docket #18 at 5.

The Court agrees with Defendants. While the Plaintiff expresses his preference to receive certain publications through the mail, he fails to articulate how his preference could be carried out with minimal impact on the CDOC's day-to-day decisions and operations. Considering the lack of irreparable injury at this stage of the case, the harm to Defendants (and to the public, in general) outweighs any harm the Plaintiff may suffer from a denial of his motion at this stage of the litigation. Accordingly, the Court finds that Plaintiff has failed to make the requisite showing to tip this factor in his favor.

D. Public Interests

According to Defendants, the CDOC has an interest in ensuring that its prisons remain safe for staff and inmates and that inmates comply with the rules and regulations of the CDOC. Docket #18 at 5. Plaintiff responds that "it would be in the interest of the public for this honorable court to protect its Constitution." Docket #33 at 11. Plaintiff's conclusory statement is insufficient to persuade the Court that this factor should be determined in his favor.

In sum, the Court finds that Plaintiff is unable to meet his burden to show that a mandatory preliminary injunction is necessary in this case. Therefore, this Court recommends that the District Court deny the Plaintiff's motion for preliminary injunction in this matter.

## **CONCLUSION**

Based upon the foregoing, it is RECOMMENDED that the Plaintiff's Memorandum of Law in Support of Order to Show Cause for Preliminary Injunction [filed January 19, 2010; docket #12] be **DENIED**.

Respectfully submitted this 20th day of April, 2010, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge