IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02498-REB-MEH

GIOVANNI LARATTA,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
ROBERT ALLEN,
CHRIS BARR, and
SUSAN JONES,

    Defendant.

---

## RECOMMENDATION ON SECOND MOTION TO AMEND

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's second Motion for Leave to File Amended Complaint [filed July 16, 2010; docket #61]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motion has been referred to this Court for recommendation, and the matters are now fully briefed. The Court recommends that, for the reasons that follow, Plaintiff's motion be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## I. BACKGROUND

Plaintiff, Giovanni Laratta, is a prisoner in Colorado who filed a *pro se* civil rights Complaint on October 23, 2009, alleging First, Fifth and Fourteenth Amendment violations against Defendants for confiscating and/or destroying his incoming mail. Upon initial review, Judge Weinshienk found that Plaintiff failed to state due process claims for deprivation of his personal property. Accordingly, Judge Weinshienk dismissed the Fifth and Fourteenth Amendment due process claims against all Defendants. Thus, the only remaining claims in this action are Plaintiff's First Amendment claims against the named Defendants. Through this action, Plaintiff seeks injunctive relief, compensatory damages and punitive damages against Defendants for violations of the First Amendment.

Essentially, Plaintiff alleges that on or about December 10, 2008, while he was confined at the Colorado State Penitentiary, he received a notice from the facility mailroom that an envelope containing photographs sent by his father had been "rejected" and were being routed to the facility's "reading committee." Docket #1 at 6. Plaintiff later learned that the photographs had been destroyed. *Id.* Upon completion of the grievance process, the CDOC found that the photographs were destroyed without allowing the Plaintiff the opportunity to respond to the notice and reimbursed the Plaintiff $1.00 for each of the eight "commercial" photographs destroyed. *Id.* at 11-12. Plaintiff alleges that the envelope contained 40 photographs of his family that were not from a commercial vendor.

In addition, Plaintiff alleges that on February 17, 2009, he received another notice from the mailroom that a calendar from "Unity Calendars" had been rejected as "contraband." Docket #1 at 6-7. Plaintiff contends that, although he submitted the necessary paperwork to respond to the notice, the calendar was destroyed on March 3, 2009. *Id.* at 7.

Finally, Plaintiff alleges that on or about December 1, 2008, he received a notice from the mailroom informing him that materials for a paralegal correspondence course were rejected pursuant

2

to the "Implementation Adjustment 300-38, Section IV.7." Docket #1 at 15. In response to his informal grievance concerning the denial of his paralegal course materials, photographs and calendar, Plaintiff contends he was informed that Warden Jones applied Administrative Regulation 850-6 to the rejections stating that "pictures and calendars from vendors" were to be purchased only from the prison canteen. *Id.* at 16. Plaintiff contends that Defendant Jones "includes the denial of educational correspondence solely for behavioral purpose." *Id.* at 17.

Defendants Zavares, Allen and Jones filed a Motion to Dismiss in response to the Plaintiff's Complaint,[2] asserting several defenses to Plaintiff's claims: (1) to the extent that Plaintiff brings his claims against them in their official capacities, they are entitled to Eleventh Amendment immunity from suit, (2) to the extent that Plaintiff brings his claims against them in their individual capacities, they are entitled to qualified immunity, (3) Plaintiff has failed to allege their personal participation in the challenged conduct, and (4) Plaintiff has failed to state a claim for compensatory damages. *See* docket #16. This Court recommended that the District Court grant the motion to dismiss Plaintiff's claims for compensatory damages for mental or emotional injuries, dismiss Plaintiff's claims against Defendants in their official capacities, dismiss Plaintiff's claims against Defendants Allen and Zavares in their individual capacities, and dismiss Plaintiff's claim against Defendant Jones regarding application of CDOC Administrative Regulation 850-6, but deny the motion to dismiss Plaintiff's claim against Jones regarding implementation of the "operational memorandum" and "implementation adjustment." *See* docket #51. The Recommendation remains pending before the District Court.

During the pendency of the briefing on the motion to dismiss, Plaintiff filed his first motion to amend the Complaint seeking to add a First Amendment claim against an additional Defendant,

---

[2]The remaining Defendant, Chris Barr, filed an Answer to the Complaint.

3

Jim Brown. The proposed First Amended Complaint includes the new claim and defendant, re-asserts the same First Amendment claims against the original Defendants and adds claims for violation of Plaintiff's right to petition the government for redress of grievances against the original Defendants. This Court recommended that the District Court deny the motion to amend Plaintiff's claims against Defendants Barr, Allen and Zavares, and Plaintiff's claim against Defendant Jones regarding application of CDOC Administrative Regulation 850-6, but grant the motion to amend Plaintiff's claim against Jones regarding implementation of the "operational memorandum" and "implementation adjustment," and grant the Plaintiff permission to add a claim against Defendant Brown. *See* docket #51. As set forth above, this Recommendation remains pending.

Through the present motion, Plaintiff seeks to add a claim against Tony Carochi, Deputy Director of Prisons, whom Plaintiff alleges personally participated in the alleged First Amendment violations by "influencing" Defendant Susan Jones, Warden, in "ultimately banning all prisoners from receiving photograph publications and calendar publications from vendors which led to the alleged constitutional violations to plaintiff's federal rights." Docket #61 at 1. His proposed Second Amended Complaint asserts three First Amendment claims against Defendant Jones, Jim Brown and Mr. Carochi. *See* docket #61-1.

Defendants oppose the motion arguing that Plaintiff's proposed claim against Mr. Carochi would be futile as it is subject to dismissal. Defendants contend that Plaintiff's allegations fail to assert an intentional act by Mr. Carochi, but rather only reflect Mr. Carochi's conduct as Ms. Jones' supervisor, which fails to demonstrate personal participation pursuant to 42 U.S.C. § 1983. Plaintiff counters that, because Ms. Jones attests in her discovery responses that she discussed her decision to ban offenders from receiving photograph publications from commercial vendors with Mr. Carochi, and because the decision is subject to supervisor approval pursuant to CDOC administrative regulations, Plaintiff's allegation that Mr. Carochi "issued an order to or approved

4

the Defendant Susan Jones' [decision] to enforce the custom of restricting photograph and calendar publication from commercial vendors" is sufficient to demonstrate Mr. Carochi's personal participation.

## II.    LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that it "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan,* 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182.

Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan,* 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182. In addition, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Twombly*

5

evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

## III. ANALYSIS

Defendants contend that Plaintiff's proposed new claim against Tony Carochi is futile as it would be subject to dismissal for failure to allege personal participation.

Personal participation is an essential allegation in a civil rights action. *Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each Defendant caused the deprivation of a federal right. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *Butler v. City of Norman,* 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986); *see also McKee v. Heggy,* 703 F.2d 479, 483 (10th Cir. 1983).

That is, a defendant may not be held liable merely because of his or her supervisory position. *See Kite v. Kelley,* 546 F.2d 334, 336-38 (10th Cir. 1976) ("federal officer may not be held monetarily liable for acts of his subordinates resulting in the deprivation of constitutional rights"). To establish individual supervisory liability, a plaintiff must establish a "deliberate, intentional act" by a supervisor such that there is a "sufficient causal connection" between the supervisor and the constitutional violation. *Serna v. Colo. Dep't of Corr.,* 455 F.3d 1146, 1151 (10th Cir. 2006). Mere

6

negligence is not sufficient to establish liability. *Id.* Rather, a plaintiff must show active participation or acquiescence through personal participation, exercise of control or direction, failure to supervise, or tacit authorization of the offending acts. *Id.* at 1152-53. Thus, to recover against a supervisor in a Section 1983 action, the plaintiff must demonstrate that the supervisor participated in the misconduct, personally directed the misconduct, or, with actual knowledge of the misconduct, approved of it, acquiesced in it, or failed to stop it. *Woodward v. City of Worland*, 977 F.2d 1392, 1399-1400 (10th Cir. 1992), *cert. denied*, 590 U.S. 923 (1993). To state a viable claim against a supervisor then, the complaint must allege the supervisor "actually knew of and acquiesced in the behavior." *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995).

Here, in his proposed Claim Three, the Plaintiff alleges:

On or about August 1, 2008, Defendant Tony Carochi reviewed and discussed with the Defendant Susan Jones, the administrative regulation 850-6 "Offender Property" and how it applys [sic] to the offenders at Centennial Correctional Facility/Colorado State Penitentiary, pertaining to the issue of offenders receiving photograph and calendar publications from commercial vendors. Whereafter, it was decided and approved by Defendants Carochi and Jones to enforce the rejection of such publications at the CCF/CSP utilizing the AR 850-6 "Offender Property."

Docket #61-1 at 9. Plaintiff raises these allegations based upon a discovery response he received from Defendant Jones (*see* docket #61 at 1; docket #72 at 3):

**Interrogatory 12**: Who had an influence on your recent decision to ban offenders from receiving photograph publications from commercial venders?

**Response**: My decision was based on a review of the policy. I discussed this issue with my supervisor, Tony Carochi, Deputy Director of Prisons.

Docket #71-1 at 4. Based upon a review of Ms. Jones' response, her responses to other interrogatories propounded by the Plaintiff, the proposed Second Amended Complaint and the entire record, the Court recommends finding that Plaintiff has failed to state Mr. Carochi's personal participation in the alleged First Amendment violation and, thus, his amendment would be futile.

7

First, this Court has already recommended that Plaintiff's claim against Ms. Jones regarding her application of AR 850-6 to the Plaintiff be dismissed for failure to allege Ms. Jones' personal participation. Docket #51 at 14. The Court found that Ms. Jones' response to Plaintiff's "informal request," which, apparently, was the first step in the CDOC grievance process (see docket # 1 at 16), simply relates to the denial of a grievance and does not adequately allege a factual basis to support an affirmative link between the warden and the alleged First Amendment violation. *Id.*; *see also Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Second, as set forth above, the Plaintiff must state a plausible claim for relief, meaning that he has pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Allegations that are legal conclusions, bare assertions, or merely conclusory are not entitled to an assumption of truth. *Id*. at 1949-50. To assert personal participation pursuant to Section 1983, the Plaintiff must allege that the supervisor, Mr. Carochi, participated in the misconduct, personally directed the misconduct, or, with actual knowledge of the misconduct, approved of it, acquiesced in it, or failed to stop it. *Woodward*, 977 F.2d at 1399-1400.

The Plaintiff has failed to allege Mr. Carochi's knowledge of or participation in any constitutional misconduct. For instance, the Plaintiff does not allege that Mr. Carochi knew of any misconduct and approved it, acquiesced in it or failed to stop it, nor does he allege Mr. Carochi personally directed any misconduct. With respect to Mr. Carochi's alleged actual participation, the misconduct alleged by the Plaintiff to have violated his First Amendment rights is the improper application of AR 850-6 to restrict his receipt by mail of photographs and calendar publications from commercial vendors. Taking Plaintiff's allegations as true that Ms. Jones applied the regulation in denying Plaintiff's grievance, Mr. Carochi's participation in "discussing the issue" with Ms. Jones

8

would also logically pertain to Plaintiff's grievance and would not rise to the level of personal participation necessary for stating a plausible claim under Section 1983. *See Gallagher*, 587 F.3d at 1069.

Moreover, according to Ms. Jones' verified discovery responses, her decision to apply AR 850-6 to ban the Plaintiff from receiving photograph publications from commercial venders was based upon her review of the policy, and she alone made the decision to "apply the policy" "restrict[ing] offenders from receiving calendar publications from commercial vendors." Response to Interrogatory 12, docket #71-1 at 4; Response to Interrogatory 9, docket #71-1 at 3. There is no indication in Ms. Jones' responses that Mr. Carochi directed or actually participated in her decision to apply AR 850-6 in denying Plaintiff's grievance. Thus, the Court finds Plaintiff's allegations regarding Mr. Carochi to be bare or merely conclusory assertions. Accordingly, the Court recommends denying the Plaintiff's second motion to amend the Complaint to add a First Amendment claim against Mr. Carochi.

## IV. CONCLUSION

Based upon the foregoing, this Court respectfully RECOMMENDS that the Plaintiff's second Motion for Leave to File Amended Complaint [filed July 16, 2010; docket #61] be **DENIED**.

Dated this 8th day of September, 2010, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge