IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02498-REB-MEH

GIOVANNI LARATTA,

    Plaintiff,

v.

CHRIS BARR, and
SUSAN JONES,

    Defendants.

## RECOMMENDATION ON MOTION FOR RECONSIDERATION

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Plaintiff's Motion for Reconsideration [filed September 20, 2010; docket #87]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the motion has been referred to this Court for recommendation. The Court recommends that, for the reasons stated herein, the motion be **denied**.[1]

The facts and background of this case have been stated numerous times in previous orders

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

and, thus, the Court need not repeat them here. Through his motion, the Plaintiff challenges only a portion of the District Court's order denying his first motion for leave to file an amended complaint, particularly with respect to his request to amend his claim against Defendant Susan Jones regarding application of the CDOC Administrative Regulation 850-6. Docket #87 at 1. The Plaintiff contends that "the Court [mis]construes the challenge to the new policy/custom as rooting from the 'informal letter' [grievance] and dismisses the claim pursuant to 'Gallagher' when in acctually [sic] it is a challenge to the new policy/custom which was applied and enforced 5 months prior on August 7, 2008, a fact later found out during the discovery process and asserted in the Second Motion for Leave pending before the Court." *Id.* at 2.

The Court must construe the Plaintiff's motion to reconsider liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Motions for reconsideration of orders other than final judgments are not recognized by the federal rules of civil procedure. However, this District has entertained motions to reconsider under certain circumstances; therefore, the Court will proceed to analyze whether reconsideration is appropriate here.

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id.; see also Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997).

Here, Plaintiff's motion refers to no "intervening change in controlling law." Thus, his

2

motion is construed as seeking to demonstrate the availability of new evidence and to challenge the legal correctness of the District Court's order.

First, Plaintiff contends that the Court has misinterpreted Plaintiff's claim against Defendant Jones with respect to her application of AR 850-6 to deny his receipt of photographs and calendar publications. Plaintiff states that "the actual day the warden began to enforce the new policy/custom was 5 months prior to the 'informal request' [grievance]" which the Plaintiff claims he learned later in "the discovery process and asserted in the Second Motion for Leave pending before the Court." Docket #87 at 2.

A review of the record concerning the Plaintiff's second Motion for Leave to File Amended Complaint [docket #61] reflects that Plaintiff apparently learned of this "new" fact from Defendant Jones' discovery responses mailed to the Plaintiff on June 14, 2010. *See* docket #71-1 at 7. This Court's recommendation for denial of Plaintiff's request to amend the claim against Defendant Jones was issued on June 14, 2010. Docket #51. Thus, Plaintiff had the "new" information he now claims the Court "misconstrued" within the time frame allowed for objections to the recommendation, yet the Plaintiff filed no objection to the Court's June 14, 2010 recommendation that the claim against Defendant Jones concerning application of AR 850-6 during the grievance process[2] be dismissed pursuant to *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) and that Plaintiff be denied the opportunity to amend the claim. *See* docket #51. Thus, the Plaintiff in the present motion improperly attempts to advance arguments that could have been raised in prior briefing.

---

[2]In the Recommendation, the Plaintiff was warned that "failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court."

3

Second, even if the Plaintiff had raised his arguments properly here, this Court sees no clear error nor manifest injustice in Judge Blackburn's Order denying Plaintiff's request to amend his claim against Defendant Jones. The Plaintiff now seeks to argue based upon "new evidence" that Jones' application of AR 850-6 was not limited solely to his informal grievance in January 2009, but began in August 2008 and was applied to "all offenders within CCF/CSP." Docket #87 at 2. However, the Plaintiff may not seek relief on behalf of other inmates. *Swoboda v. Dubach*, 992 F.2d 286, 289-90 (10th Cir. 1993). In fact, this Court has denied Plaintiff's motion for class certification in this case. Docket #78. Because the Plaintiff has failed to demonstrate a need to correct clear error or prevent manifest injustice in this case, the Court recommends that the District Court deny Plaintiff's motion for reconsideration.

Based on the foregoing, and the entire record herein, I do respectfully RECOMMEND that the District Court **deny** the Plaintiff's Motion for Reconsideration [filed September 20, 2010; docket #87].

Dated this 27th day of September, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge