**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-02498-REB-MEH

GIOVANNI LARATTA

      Plaintiff,

v.

JIM BROWN, and
SUSAN JONES

      Defendants.

---

**ORDER CONCERNING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

The matters before me are (1) the **Defendants' Motion for Summary Judgment** [#119][1] filed December 2, 2010; and (2) the **Recommendation on Motion for Summary Judgment** [#132] filed March 2, 2011.  Both the plaintiff and the defendants filed objections [#138 & #139] to the recommendation.  I sustain the objections filed by the defendants and overrule the objections filed by the plaintiff.  I adopt the recommendation in part, respectfully reject the recommendation in part, and grant the defendants' motion for summary judgment.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, the objections, and the applicable law.  Because the plaintiff is

---

[1] "[#119]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

proceeding *pro se*, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See* ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The facts, procedural history of this case, and applicable standards of review are set forth in detail in the magistrate judge's recommendation and need not be repeated here. I approve and adopt the analysis of the magistrate judge on which he bases his recommendation that the defendants' motion for summary judgment be granted as to (1) the plaintiff's First Amendment claim concerning photographs that were mailed to the plaintiff; and (2) the plaintiff's First Amendment claim against Warden Susan Jones concerning material from a paralegal correspondence course. Thus, I overrule the plaintiff's objections [#138] concerning these recommendations.

The magistrate judge recommends also that the defendants' motion for summary judgment be denied with regard to the plaintiffs' First Amendment claim concerning a calendar that the plaintiff received in the mail. As detailed by the magistrate judge, the calendar properly was declared to be contraband by prison officials, and the plaintiff was given an opportunity to designate the disposition of the calendar within ten days. There is evidence in the record indicating that the plaintiff, acting within the ten day period, appropriately directed prison officials to mail the calendar to the plaintiff's father. The defendants contend that the plaintiff did not make a designation within 10 days. The calendar was destroyed.

The magistrate judge concludes properly that the defendants' refusal to permit

the plaintiff to possess the calendar does not constitute a violation of the First Amendment rights of the plaintiff.  However, I disagree with the conclusion of the magistrate judge concerning the application of the First Amendment to the events that allegedly occurred after the plaintiff was told properly that he could not possess the calendar. The plaintiff asserts that the subsequent destruction of the calendar, allegedly by defendant, Jim Brown, was a violation of the plaintiff's First Amendment right to free speech.  *Final Pretrial Order* [#130] filed February 7, 2011, p. 2.  Viewing the evidence in the record in the light most favorable to the plaintiff, as is appropriate, the magistrate judge assumes that the plaintiff could prove that the plaintiff properly instructed prison officials to mail the calendar to the plaintiff's father.  At this point, the magistrate judge notes that the calendar became the contents of an outgoing mailing of the plaintiff, which outgoing mail was destroyed.  Based on these facts, the magistrate judge concludes that destruction of the calendar violated the First Amendment right of the plaintiff to be free from interference with his outgoing mail and that the plaintiff's right to be free from interference with his outgoing mail was clearly established in December, 2008, when the calendar was destroyed. Based on these conclusions, the magistrate judge concludes that defendant, Jim Brown, is not entitled to qualified immunity on this claim.

      The magistrate judge cites **Treff v. Galetka**, 74 F.3d 191 (10th Cir. 1996) for the propositions that the First Amendment protects a prison inmate's outgoing mail and that this right was clearly established when the calendar was destroyed.  In **Treff**, the court held that a "refusal to process any mail from a prisoner impermissibly interferes with the addressee's First and Fourteenth Amendment rights.  Accordingly, we hold that a prisoner's constitutional right to have his mail processed for delivery was clearly

3

established at the time Mr. Treff's mail was allegedly not processed." 74 F.3d at 195. *Treff* concerned letters mailed by Treff, a prison inmate, but allegedly not processed by the prison mail room. The *Treff* court found that "(c)orrespondence between a prisoner and an outsider implicates the guarantee of freedom of speech under the First Amendment and a qualified liberty interest under the Fourteenth Amendment." *Id*. at 194. The *Treff* court relied on *Procunier v. Martinez* for the proposition that a prison inmate's outgoing communication by letter is protected by the First Amendment. 416 U.S. 396, 408 (1974).

However, unlike *Procunier*, *Treff*, and similar cases, which involved letters written by prison inmates and the inmate's efforts to mail those letters, this case involves the plaintiff's effort to mail a calendar. Nothing in the record tends to show that the plaintiff's direction that the calendar be mailed to the plaintiff's father was an effort by the plaintiff to express himself in any way and to convey that expression via the mail, or was an effort by the plaintiff to relay the expression of someone else. Rather, the facts in the record support only the conclusion that the plaintiff's efforts to mail the calendar were an effort to mail non-expressive personal property. In this context, the destruction of the calendar does not implicate the First Amendment. Conduct that does not have a significant expressive element does not implicate the First Amendment, and, when such conduct is regulated or otherwise restricted, the regulation is not subject to a First Amendment analysis. *See, e.g., Alexander v. U.S.*, 509 U.S. 544, 557 (1993); *Acara v. Cloud Books, Inc.*, 478 U.S. 697, 706 - 707 (1986) (restrictions on conduct subject to First Amendment scrutiny only when conduct in question has "a significant expressive element that drew the remedy in the first place).

Here, defendant, Jim Brown, allegedly destroyed the calendar rather than mailing

4

it as instructed by the plaintiff.  There is no indication, however, that destruction of the calendar limited in any way any kind of expression by the plaintiff that falls within the protection of the First Amendment.  Therefore, the destruction of the calendar does not constitute a violation of the plaintiff's First Amendment rights.

The plaintiff has never asserted a claim based on the destruction of his personal property.  *Final Pretrial Order* [#130] filed February 7, 2011, p. 2. Even if he did assert such a claim, the claim would fail.  As noted in a previous order [#2] in this case, an unauthorized intentional deprivation of property does not violate due process if an adequate post-deprivation remedy for the loss is available.  **See Hudson v. Palmer**, 468 U.S. 517, 533 (1984).  A prison grievance procedure is an adequate post-deprivation remedy if the procedure provides a meaningful remedy.  *Id*. at 536 n. 15.  The record in this case indicates that such a grievance procedure was available to the plaintiff, that he used that procedure, and that, with regard to the calendar at issue in this case, was provided a meaningful remedy.  The plaintiff cannot assert a federal constitutional claim concerning the deprivation of his personal property based on the destruction of the calendar.

Faced with the defendants' assertion of qualified immunity, the plaintiff has not demonstrated that the defendants violated the plaintiff's First Amendment rights when the calendar was destroyed.  Absent a showing of such a violation by the plaintiff, the defendants are entitled to qualified immunity, and thus, the plaintiff's First Amendment claim based on the destruction of the calendar must be dismissed.  The plaintiff asserts also a claim for punitive damages. However, by granting the defendants' motion for summary judgment, I resolve all of the substantive claims remaining in this case.  With the resolution of those claims, the plaintiff cannot assert a free-standing claim for

punitive damages. Therefore, the defendants are entitled to summary judgment on the plaintiff's punitive damages claim.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation on Motion for Summary Judgment** [#132] filed March 2, 2011, is **APPROVED** and **ADOPTED** as an order of this court to the extent the magistrate judge recommends that the defendants' motion for summary judgment [#119] be granted as to the plaintiff's First Amendment claim concerning photographs that were mailed to the plaintiff and the plaintiff's First Amendment claim against Warden Susan Jones concerning material from a paralegal correspondence course;

2. That the **Recommendation on Motion for Summary Judgment** [#132] filed March 2, 2011, respectfully is **REJECTED** to the extent the magistrate judge recommends that the defendants' motion for summary judgment [#119] be denied as to the plaintiff's First Amendment claim against defendant, Jim Brown, based on Jim Brown's alleged destruction of the calendar, which the plaintiff directed be mailed to the plaintiff's father;

3. That the objections [#138] filed by the plaintiff are **OVERRULED**;

4. That the objections [#139] filed by the defendants are **SUSTAINED** to the extent the defendants argue that the First Amendment does not apply to the claim concerning the destruction of the calendar, that the defendant has not established an arguable basis for his claim for punitive damages, and that the plaintiff does not have a federal constitutional claim for deprivation of personal property;

5. That the **Defendants' Motion for Summary Judgment** [#119] filed December 2, 2010, is **GRANTED**;

6. That the claims asserted in the plaintiff's **First Amended Prisoner Complaint**

6

**Consistent With Order** [#99] filed October 12, 2010, are **DISMISSED WITH PREJUDICE**;

7. That defendants' **Motion To Reset Trial** [#140] filed March 16, 2011, is **DENIED** as moot;

8. That **JUDGMENT SHALL ENTER** in favor of each of the defendants named in this case at any point in time, Susan Jones, Jim Brown, Aristedes Zavaras, Robert Allen, and Chris Barr, against the plaintiff, Giovanni Laratta;

9. That the trial currently scheduled to commence on Monday, April 4, 2011, is **VACATED**;

10. That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

11. That this case is **CLOSED**.

Dated March 22, 2011, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge